Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2829 | **DATE** | May 21, 2012 |
| **CASE TITLE** | Andres Soto (#2010-0114080) vs. Tom Dart et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's *in forma pauperis* application [3] is granted. The court assesses an initial partial filing fee of $15.60. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from Plaintiff's account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Cook County Jail and shall issue summons for Cook County Jail Superintendent Moreci. The U.S. Marshal is directed to serve this Defendant. Tom Dart is dismissed as a Defendant. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [**For further details see text below.**]     Docketing to mail notices.

## STATEMENT

Plaintiff Andrew Soto, incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 complaint against Cook County Sheriff Tom Dart, Superintendent Daniel Moreci of Division 9, and unknown officers referred to as John Does. Plaintiff alleges that, on January 12, 2012, after a fight was broken up between him and another inmate, he was sprayed with mace, beaten, and kicked by several jail officers.

Plaintiff's application reveals that he is unable to prepay the $350 filing fee and the court grants the motion. The court assesses an initial partial filing fee of $15.60 and authorizes the trust fund officer at Plaintiff's place of confinement to deduct this amount from Plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the supervisor of inmate trust accounts is authorized to collect monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at the Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The court has conducted its preliminary review of Plaintiff's 42 U.S.C. § 1983 civil rights action pursuant to 28 U.S.C. § 1915A. Plaintiff has stated colorable claims of excessive force against the officers involved in the incident on January 12, 2012. *See Rice v. Correctional Medical Services*, 675 F.3d 650, 667-68 (7th Cir. 2012). Although Plaintiff does not know these officers' identities, summons shall issue for Superintendent Moreci. Once an attorney enters an appearance for Moreci, Plaintiff must seek the identities of the officers by forwarding interrogatories (written questions) to Moreci through his attorney. Once Plaintiff knows the officers' names, he should submit an amended complaint that includes them.
**(CONTINUED)**

isk

| **STATEMENT (continued)** |
|---|

      Tom Dart, however, is dismissed as a Defendant. For a Defendant in a § 1983 action to be liable, he must have been personally involved in some way. Liability cannot be based upon his role as supervisor of officers who committed a constitutional tort. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). Plaintiff names Tom Dart as Defendant, but does not state how he was involved with the January 12, 2012, incident. Accordingly, Dart is dismissed as a Defendant.

      The clerk shall issue summons for service of the complaint on Cook County Jail Superintendent Moreci. Any service forms necessary for Plaintiff to complete will be sent by the Marshal. Plaintiff's failure to return the forms to the Marshal may result in the dismissal of his claims against an unserved Defendant. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Cook County Jail shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain a waiver, the Marshal shall attempt personal service.

      Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

      The court denies without prejudice Plaintiff's motion for the appointment of counsel. Though civil litigants do not have a constitutional or statutory right to counsel, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1). However, Plaintiff has not demonstrated that he "has made reasonable efforts to retain counsel and was unsuccessful or that [he] was effectively precluded from making such efforts." *Gil v. Reed*, 381 F.3d at 656. Nor does this case, at this stage of the proceeding, involve complex issues, complex discovery, or an evidentiary hearing, and Plaintiff's complaint demonstrates his competence, at least at this point, to present his claim adequately. Plaintiff's request for counsel is denied at this time. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).