Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2829 | **DATE** | March 20, 2013 |
| **CASE TITLE** | | Andres Soto (#2010-0114080) vs. Tom Dart et al. | |

**DOCKET ENTRY TEXT**

Defendant Moreci's motion to dismiss [16] is denied. Moreci need not answer the complaint; however, he must remain a Defendant until Plaintiff has had an opportunity to conduct discovery to learn the names of unknown Defendants or until Plaintiff submits an amended complaint identifying at least one of the unknown Defendants. Plaintiff is given 60 days from the date of this order to submit an amended complaint naming Officers Kelly and Tadesco as Defendants. Plaintiff's failure to do so will result in the dismissal of his claims against these officers. If Plaintiff learns the names of other unknown officers before he files an amended complaint, he should include them in his amended complaint. If Plaintiff has not conducted discovery on Defendant Moreci, through Moreci's attorney, Plaintiff is directed to forward discovery requests to Moreci's attorney to learn the names of any unidentified officers. If Plaintiff conducts no discovery to learn unidentified officers' names within 60 days, Defendant Moreci may seek the dismissal of unidentified officers as Defendants.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Currently before the Court is a motion to dismiss Cook County Jail Division 9 Superintendent Daniel Moreci. At this time, Moreci is the only named Defendant in this case.

Plaintiff Andrew Soto is currently confined at the Cook County Jail. Naming Division 9 Superintendent Daniel Moreci, Tom Dart, and unknown officers as Defendants, Plaintiff alleged the following: on January 12, 2012, he was in an altercation with another inmate; officers came to break up the fight; Plaintiff was sprayed with mace and directed to lie on the floor; while he was on the floor, an officer allegedly again sprayed Plaintiff with mace; Plaintiff was handcuffed behind his back and escorted to the health care unit; either the escorting officer, another officer, or both (Plaintiff does not know because he could not see) "hit him with closed fists on the head and all over his face and body. When Plaintiff dropped to the floor, he was then kicked." (Compl. at 10-11.)

On May 21, 2012, the Court determined that Plaintiff stated claims against the unknown officers who allegedly beat and unnecessarily used mace on Plaintiff. The Court held that "[a]lthough Plaintiff d[id] not know these officers' identities, summons shall issue for Superintendent Moreci. Once an attorney enters an appearance for Moreci, Plaintiff must seek the identities of the officers by forwarding interrogatories (written questions) to Moreci through his attorney." (Order of May 21, 2012.)

A plaintiff may name an unknown party as a defendant (often referred to as "John Doe") and name a supervisory official as defendant for the purpose of conducting discovery to learn the identity of an unknown defendant. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996); *see also Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980). Because the incident that is the subject of this case occurred in and/or involved Division 9 officers, the Court believed that Moreci was a better Defendant to identify the officers. Accordingly, the Court directed that Moreci continue as Defendant and dismissed Tom Dart.

| STATEMENT |
|---|

Moreci argues in his motion that he cannot be held liable in his individual capacity because there is no allegation that he was involved personally in the beating and that he cannot be held liable in his official capacity because Plaintiff alleges no unconstitutional jail custom or policy. While it is true that a supervisory official like Moreci cannot be held vicariously liable for the constitutional torts of subordinate officers, *see Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012), Moreci does not address whether he is not the proper party to identify the officers who allegedly used excessive force on Plaintiff on January 12, 2012.

Accordingly, Defendant Moreci's motion to dismiss is denied. Moreci may seek dismissal after the officers are identified and an appearance has been made for them or if Plaintiff fails to prosecute this case by conducting discovery to learn the names of the officers as directed in the Court's May 21, 2012 order.

With respect to Plaintiff taking steps to learn the officers' names, the Court notes that it received a letter from Plaintiff on November 29, 2012, stating that he has learned the names of two officers (Kelly and Todasco) who were working in Division 9 at the time the January 12, 2012, incident occurred and who were allegedly involved, though Plaintiff does not state how. If these officers were personally involved in the January 12, 2012 alleged beating and improper use of mace, Plaintiff is given 60 days from the date of this order to file an amended complaint that not only includes them as Defendants, but also states their involvement. If ohter officers participated, Plaintiff may forward discovery requests to counsel for Moreci to learn other officers' identities. If Plaintiff conducts no discovery to learn the names of officers he seeks to include as Defendants within 60 days of the date of this order, counsel for Moreci may notify the Court and the unidentified officers will be dismissed. *See Ashafa v. City of Chicago*, 146 F.3d 459 (7th Cir. 1998) (a plaintiff must exercise due diligence with discovering the names of unknown defendants).